1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    FAYE MYRETTE-CROSLEY,                    Case No.  20-cv-01851-JD

            Plaintiff,
8
                                             **ORDER RE MOTION TO DISMISS**
9        v.
                                             Re: Dkt. No. 46
10   FAY SERVICING, LLC, et al.,

11          Defendants.

12

13          Plaintiff Faye Myrette-Crosley sued defendants US Bank Trust National Association and

14   Fay Servicing LLC on multiple California state law claims related to "handling her loan, her loan

15   modification, and payments toward her loan balance" for property she owns in Richmond,

16   California.  Dkt. No. 37 ¶¶ 1-2.  Myrette-Crosley's lawyer was allowed to withdraw, Dkt. No. 55,

17   and Myrette-Crosley appears to be acting pro se.

18          For the second amended complaint (SAC), defendants jointly ask to dismiss for failure to

19   state a plausible claim under Federal Rule of Civil Procedure 12(b)(6).  Dkt. No. 46.  The parties'

20   familiarity with the record is assumed, and the motion is granted.  Defendants' request for judicial

21   notice, Dkt. No. 47, is denied, and the Court did not rely on the proffered materials here.

22          The main problem with the SAC is that it does not fairly apprise defendants of what they

23   are being called to answer for in court.  Under familiar standards, a complaint must provide "a

24   short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2),

25   including "enough facts to state a claim . . . that is plausible on its face."  *Bell Atl. Corp. v.*

26   *Twombly*, 550 U.S. 544, 570 (2007).  The SAC provides a long list of mortgage-related events

27   going back to Myrette-Crosley's purchase of property in 1992, but does not tie any of those events

28   to defendants in a meaningful way.  Dkt. No. 37 ¶¶ 9-39.  Defendants are not even mentioned in

United States District Court
Northern District of California

United States District Court
Northern District of California

1  most of those allegations.  At the end of the list, the SAC says that defendants are liable for the

2  actions of prior mortgage servicers, *id*. ¶¶ 38-39, but why that might plausibly be so is left unsaid.

3  The SAC is also entirely unclear about what defendants might be liable for.  The SAC is

4  devoid of any facts that plausibly allege defendants were negligent or unfair in their ostensible

5  dealings with Myrette-Crosley, or violated any of the California statutes the SAC cites.  The SAC

6  is all the more deficient for the negligent misrepresentation claim, *id*. ¶ 42, which sounds in fraud

7  and is subject to the heightened pleading requirements of Rule 9(b).  Nothing at all is said about

8  "the who, what, when, where, and how" of the alleged fraud, as Rule 9(b) demands.  *See Freedline*

9  *v. O Organics LLC*, 445 F. Supp. 3d 85, 90 (N.D. Cal. 2020) (quotation and citation omitted).

10  Consequently, the SAC is dismissed without prejudice.  Because Myrette-Crosley has had

11  prior opportunities to amend, this will likely be the last time she will be permitted to amend.  If

12  Myrette-Crosley elects to file a third amended complaint, it is due by April 25, 2022.  The

13  amended complaint may not add any new parties or claims without the Court's prior permission.

14  The SAC refers to other lawsuits involving the same property, *see* Dkt. No. 37 ¶¶ 16, 26, and so

15  Myrette-Crosley should be prepared to explain why her claims are not subject to preclusion.  The

16  amended complaint must include a separate paragraph alleging facts that establish federal subject

17  matter jurisdiction.  *See* Civil L.R. 3-5(a).  A failure to comply with this order will result in

18  dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

19  **IT IS SO ORDERED.**

20  Dated:  March 29, 2022

JAMES DONATO
United States District Judge

2