UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE MYRETTE-CROSLEY,<br><br>            Plaintiff,<br><br>   v.<br><br>FAY SERVICING, LLC, et al.,<br><br>            Defendants. | Case No. 3:20-cv-01851-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiff Faye Myrette-Crosley sued defendants US Bank Trust National Association and Fay Servicing, LLC on multiple California state-law claims related to her loan, loan modification, and payments toward her loan balance for property she owns in Richmond, California. Dkt. No. 37. This Court dismissed without prejudice her second amended complaint (SAC) for failure to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6), and granted leave to amend to cure several shortcomings in the plausibility of the allegations. Dkt. No. 56.

Myrette-Crosley had been represented by counsel with respect to the SAC, but that situation changed, and she filed a third amended complaint (TAC) pro se. Dkt. No. 57. Defendants ask to dismiss under Rule 12(b)(6). Dkt. No. 59. Myrette-Crosley did not file an opposition. The parties' familiarity with the record is assumed, and the motion is granted. Defendants' request for judicial notice, Dkt. No. 59-1, is denied, and the Court did not rely on the proffered materials here.

Put simply, the TAC did not materially improve the shortfalls identified in the dismissal order. As before, it does not fairly apprise defendants of what they are being called to answer for in court, and simply catalogs a long list of mortgage-related events without meaningfully tying them to defendants. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a complaint contain "a short and

plain statement . . . showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "enough facts to state a claim to relief that is plausible on its face"). The TAC does not say why the claims are not subject to preclusion, notwithstanding the fact that the SAC referred to other lawsuits involving the same property. And, contrary to the Court's order, the TAC does not include a separate paragraph that alleges facts that would establish federal subject-matter jurisdiction over any of the claims that had been asserted.[1] *See* Civil L.R. 3-5(a).

The Court's discretion to dismiss without leave to amend is "particularly broad" after prior leave to amend has been granted, which is the case here. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013). In light of Myrette-Crosley's multiple opportunities to plead her claims, and her failure to cure the deficiencies this Court identified, this TAC is dismissed without prejudice, and the case is closed.

**IT IS SO ORDERED.**

Dated: October 4, 2022

JAMES DONATO
United States District Judge

---

[1] Myrette-Crosley does assert that "[t]his complaint is a core proceeding pursuant to federal rule, Bankruptcy procedure 7001 and 28 U.S.C. section 157(b)(2)(A)." Dkt. No. 57 ¶ 1. But this is not a bankruptcy proceeding.